UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 25-mj-375 (JFD)

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT AND ARREST OF VANCE LUTHER BOELTER | **FILED UNDER SEAL PURSUANT TO COURT ORDER** PETITION OF THE UNITED STATES FOR AN ORDER SEALING COMPLAINT, ARREST WARRANT, AFFIDAVIT, RETURN, PETITION, AND ORDER FOR SEALING |

COMES NOW the United States of America by its undersigned attorneys and in support of its Petition for an Order Sealing Complaint, Arrest Warrant, Affidavit, Return, and Petition in the above-captioned matter, states as follows:

1. On June 14, 2025, the Honorable John F. Docherty issued a Warrant authorizing the arrest of Vance Luther Boelter.

2. The Affidavit of FBI Special Agent Terry Getsch, submitted in support of the Arrest Warrant, sets forth facts establishing probable cause to believe that Boelter committed Unlawful Flight from Prosecution or Custody or Confinement After Conviction, in violation of 18 U.S.C. § 1073.

3. The arrest warrant documents presented to this Court include detailed and sensitive investigative information. Nondisclosure of the arrest warrant and related documents is necessary to prevent the ongoing investigation from being compromised. First, public filing of the documents may cause Boelter to continue evading arrest. Second, public filing would compromise details about the nature, extent, and scope of the investigation. This may frustrate law enforcement efforts to continue to pursue Boelter. Third, disclosure would jeopardize the safety and wellbeing of law enforcement officers who will be attempting to arrest Boelter.

4. The Court's power to prevent disclosure of its files, especially for a limited period of time, is well established. This general power has been recognized by the United States Supreme Court.

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over some records and files and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). The Eighth Circuit has recognized the Court's specific power to restrict access to warrant documents like those at issue here:

> We hold that the qualified first amendment right of public access extends to the documents filed in support of search warrants and that the documents may be sealed if the district court specifically finds that sealing is necessary to protect a compelling government interest and that less restrictive alternatives are impracticable.

*In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

5. The Eighth Circuit and district courts within the Circuit have recognized that the circumstances surrounding ongoing investigations constitute compelling government interests warranting the sealing of warrant documents. For example, the Eighth Circuit has approved sealing warrant documents that "describe[d] in detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved," resulting in "substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released." *Id.* at 574. Moreover, the Eighth Circuit has recognized that warrant affidavits permeated with references to individuals other than the subjects of the warrant and/or with information revealing the nature, scope and direction of the government's ongoing investigation may be sealed not only because they present compelling government interests justifying sealing, but

2

also because less restrictive alternatives to sealing are in such circumstances impracticable. *Gunn*, 855 F.2d at 574.

6. Based upon the foregoing and all the files and proceedings to date, the United States respectfully requests that this Court issue an Order Sealing the Warrant, Application, Affidavit of Terry Getsch, Return, this Petition, and the Sealing Order until the close of business on June 14, 2026, unless a compelling interest is shown by the United States for a continuation of the sealing.

7. The United States respectfully requests that the Court grant the order to seal the attached warrant and the affidavit, except that the United States may disclose the attached warrant and warrant materials to other law enforcement entities, including those outside the United States, for the purpose of executing the arrest warrant.

Dated: June 14, 2025

Respectfully submitted,

JOSEPH H. THOMPSON
Acting United States Attorney

*/s/ Harry M. Jacobs*

BY: HARRY M. JACOBS
Assistant United States Attorney